---

## Case No. 6,485.

In re HILL et al.

[5 Law Rep. 326.]

District Court, S. D. New York. 1842.

INVOLUNTARY BANKRUPTCY— DEFECTIVE PETITION —AMENDMENTS

This was a case of compulsory bankruptcy, and on the day for showing cause why a decree should not pass, exceptions were taken on the part of the debtors to the sufficiency of the proceedings; some of which were merely formal, and some rested on matters of substance.

John Van Vleeck, for petitioners.

P. J. Joachemssen, for bankrupts.

THE COURT decided, that the jurat subscribed by the commissioner need not contain a venue, when it could be sufficiently collected from the deposition itself, that the oath was administered where the officer resides. That if a debt must be due, to found these proceedings, yet a promissory note over due on its face when the petition was sworn to, and actually due by the expiration of the days of grace, at the time the petition was presented to the judge, and was acted on by him, was sufficient to authorize and support the proceedings; that the application to the court, is the time the petition comes into action, and not the date of its subscription or attestation. THE COURT further decided, that the petition on its face must show that an indebtedness above $2000 accrued, against the parties in their partnership capacity, and that it was not enough that the parties (by name) owed over $2000. It was further decided, that the petition must allege, that the acts of bankruptcy were committed during the continuance of the partnership, and for these defects the petition was disallowed.

On a motion to amend the petition in these particulars, subsequently made by the creditors, THE COURT decided, that this court has under the act [of 1841 (5 Stat. 440)] ability to allow amendments in support of the justice of a case, when by the more rigid rules of practice in bankruptcy in England, like favors might possibly be denied. But even there, as appears from the authorities cited, the refusal to permit amendments, usually rests on a reluctance to vary a commission issued and under execution, or to introduce new foundations for the proceedings, which shall also protect steps already taken without legal justification. THE COURT being satisfied from the affidavits of the creditors and counsel, that the defective averments in the petition, resulted from misapprehension of the counsel, who had the facts properly communicated to him, will permit the amendments to be made on payment of costs.

---

## Case No. 6,486.

In re HILL.

[2 N. B. R. 140 (Quarto, 53).] [1]

District Court, N. D. New York. 1868.

BANKRUPTCY—CONTEMPT— STAY OF PROCEEDINGS.

The bankrupt act [of 1867 (14 Stat. 517)] does not contemplate a stay of proceedings by injunction on an order to show cause, issued out of a state court, why the bankrupt should not be punished for contempt for his failure to appear for examination on proceedings supplementary to execution.

[Cited in Clark v. Bininger, 38 How. Pr. 341.]

This was a motion to modify the injunction granted at the time of the filing of the petition restricting further proceedings before the county judge of Erie county on proceedings supplementary to execution. It appeared, that before the petition was filed in this court, the petitioner [Milo W. Hill] had (as alleged) committed a contempt in not appearing before the county judge, and an order had been made for him to show cause why he should not be punished. The injunction having been served upon the county judge, he doubted his right even to punish for contempt committed as alleged.

HALL, District Judge, said that he had some doubts whether the injunction as granted would stay the proceedings for contempt, but he did not consider that the bankrupt act contemplated a stay of such proceedings, and that he would grant the order modifying injunction as asked.

---

[1] [Reprinted by permission.]